IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACK JAY BROWN, | ) | 4:12CV3260 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff's counsel has applied for an award of reasonable fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (filing 26).[1] She requests an attorney's fee of $10,628.42, for 59.67 hours of work (computed at an hourly rate of $178.12),[2] plus expenses (for service by certified mail and PACER fees) of $35.45. The Commissioner does not dispute that an award should be made to Plaintiff under the EAJA,[3] but does object that the number of hours claimed by Plaintiff's counsel is excessive (filing 28). This objection is well taken.

---

[1] Although the application is submitted by Plaintiff's counsel on her own behalf, an EAJA award is "payable to the litigant" and may be used to offset any pre-existing debt the litigant owes to the United States. *Astrue v. Ratliff,* 560 U.S. 586, 589 (2010); 28 U.S.C. § 2412(d)(1)(A). There is no evidence of an assignment.

[2] This hourly rate equals the statutory maximum of $125.00, adjusted on a monthly basis to account for inflation since March 1996 (filings 27-1, 27-3).

[3] The EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. *United States SEC v. Zahareas,* 374 F.3d 624, 630 (8th Cir. 2004); 28 U.S.C. § 2412(d)(1)(A), (2)(B). Those criteria are met in this case. In addition, a fee award under the EAJA is not available unless the Commissioner lacked "substantial justification" (*i.e.*, a "clearly reasonable basis in law and fact") for her position, but the Commissioner has the burden of proof on this issue. *See Goad v. Barnhart,* 398 F.3d 1021, 1025 (8th Cir.2005).

Plaintiff's counsel is an experienced Social Security practitioner who provided excellent representation to her client, but the number of hours she devoted to this case is abnormally high. Counsel's time records indicate (in rounded numbers) that she spent 4 hours getting the case on file and obtaining service of process, 9 hours reviewing and summarizing the administrative record (of 670 pages),[4] 7 hours researching legal, medical, and other issues, 26 hours drafting a 35-page opening brief, and 12 hours reviewing the Commissioner's brief and drafting a 13-page reply. She also spent 90 minutes preparing the EAJA fee application and supporting brief.

The Commissioner has declared in this and other cases that "[a]s a general rule of thumb, attorneys experienced in Social Security disability litigation are typically awarded compensation for 30 to 40 hours in this District" (filing 28 at 3). My own survey of decisions reported in Westlaw indicates that the "typical" range in this district may be somewhat lower.

There are 20 reported decisions awarding EAJA fees for Social Security disability cases in which the plaintiff filed at least 2 briefs on the merits.[5] *See Fickler v. Colvin*, No. 8:11CV440, 2013 WL 3270579 (D.Neb. June 26, 2013) (Gerrard, J.) ($6,571.19 awarded based on **26.0 hours** of attorney time and 19.8 hours of legal assistant time; no objection by Commissioner); *Larson v. Colvin*, No. 4:12CV3010, 2013 WL 1748426 (D.Neb. Apr. 23, 2013) (Urbom, J.) ($5,695.52 awarded based on **31.05 hours** of attorney time; no objection by Commissioner); *Arriaga v. Colvin*, No. 8:11CV261, 2013 WL 1629203 (D.Neb. Apr. 16, 2013) (Urbom, J.) ($6,216.88

---

[4] Plaintiff's counsel states she "decided not to bill for most of this time [spent preparing a single-spaced, 31-page chronological summary of the administrative record] because counsel was aware that she had billed more than the usual amount of time, though not excessive for a case of this nature" (filing 29 at 2). The time records also contain numerous entries for which no billable time was charged.

[5] The amount of briefing involved in the cases was determined by reviewing the docket sheet entries. In some cases it was also necessary to review the court filings to determine the number of hours claimed.

awarded based on **34.3 hours** of attorney time; no objection by Commissioner); *Redwine v. Astrue*, No. 8:10CV286, 2012 WL 5864040 (D.Neb. Nov. 16, 2012) (Bataillon, J.) ($6,080.00 awarded based on **35.25 hours** of attorney time; no objection by Commissioner); *Lorsung v. Astrue*, No. 4:10CV3213, 2012 WL 3905093 (D.Neb. Sep. 6, 2012) (Bataillon, J.) ($4,828.72 awarded based on **27.5 hours** of attorney time; no objection by Commissioner); *Thomas v. Astrue*, No. 4:10CV3250, 2012 WL 3263629 (D.Neb. Aug. 9, 2012) (Zwart, M.J.) ($3,831.35 awarded based on **16.3 hours** of attorney time and 34.59 hours of paralegal time; Commissioner's objections sustained in part); *Easterbrook v. Astrue*, No. 4:09CV3239, 2012 WL 1869564 (D.Neb. May 22, 2012) (Bataillon, J.) ($7,898.46 awarded based on **40.8 hours** of attorney time, 18.5 hours of paralegal time, and 8.78 hours of law clerk time; Commissioner's objections sustained); *Sahs v. Astrue*, No. 4:10CV3161, 832 F.Supp.2d 1066 (D.Neb. Dec. 16, 2011) (Kopf, J.) ($8,425.80 awarded based on **38.8 hours** of attorney time, 10.55 hours of paralegal time, and 40.87 hours of law clerk time; Commissioner's objections overruled; additional $87.50 awarded based on 0.5 hours of attorney time for reply brief); *Campbell v. Astrue*, No. 4:09CV3237, 2011 WL 2632533 (D.Neb. July 5, 2011) (Bataillon, J.) ($6,100.37 awarded based on **34.85 hours** of attorney time and 21.40 hours of paralegal and law clerk time; no objection by Commissioner); *Kissel v. Astrue*, No. 8:08CV513, 2009 WL 3818790 (D.Neb. Nov. 12, 2009) (Bataillon, J.) ($4,579.60 awarded based on **26.7 hours** of attorney time; no objection by Commissioner); *Neemann v. Astrue*, No. 8:08CV286, 2009 WL 3165444 (D.Neb. Sept. 29, 2009) (Bataillon, J.) ($3,816.25 awarded based on **23.5 hours** of attorney time; no objection by Commissioner); *Marek v. Astrue*, No. 8:08CV31, 2009 WL 2003330 (D.Neb. July 2, 2009) (Bataillon, J.) ($5,725.37 awarded based on **32.6 hours** of attorney time; no objection by Commissioner); *Swanberg v. Astrue*, No. 8:07CV420, 2008 WL 4482824 (D.Neb. May 15, 2008) (Kopf, J.) ($2,283.75 awarded based on **13.05 hours** of attorney time; no objection by Commissioner); *Jezbera v. Astrue*, No. 4:07CV3217, 2008 WL 4186240 (D.Neb. Sept. 8, 2008) (Kopf, J.) ($4,100.56 awarded based on **24.5 hours** of attorney time; no objection by Commissioner); *Manuel v. Social Sec. Admin.*, No. 8:07CV181, 2008 WL 2444713 (D.Neb. June 17, 2008) (Urbom, J.) ($6241.00 awarded based on **37.6**

**hours** of attorney time; no objection by Commissioner); *Davis v. Astrue*, No. 4:06CV3291, 2008 WL 2437046 (D.Neb. June 10, 2008) (Bataillon, J.) ($6,400.00 awarded based on settlement with Commissioner; plaintiff had requested $6818.53 based on 36.3 hours of attorney time and 29.61 hours of paralegal time; stipulated fee equivalent to **34.2 hours** of attorney time and 27.8 hours of paralegal time); *Cayou v. Astrue*, No. 4:07CV3153, 2008 WL 2037426 (D.Neb. May 12, 2008) ($4,695.40 awarded based on **27.62 hours** of attorney time; no objection by Commissioner); *Davis v. Astrue*, No. 8:06CV643, 2008 WL 1924263 (D.Neb. Apr. 28, 2008) (Bataillon, J.) ($6,886.05 awarded based on **40.70 hours** of attorney time; no objection by Commissioner); *Smith v. Social Sec. Admin.*, No. 8:06CV698, 2008 WL 54180 (D.Neb. Jan. 3, 2008) (Bataillon, J.) ($4,928.87 awarded based on **30.1 hours** of attorney time; no objection by Commissioner); *Abbott v. Barnhart*, No. 4:01CV3066, 2002 WL 1774050 (D.Neb. Aug. 2, 2002) (Urbom, J.) ($6,284.26 awarded based on **41.35 hours** of attorney time and 15.75 hours of paralegal time; additional $974.36 awarded for 6.75 hours of attorney time spent replying to Commissioner's opposition to EAJA fee application).[6]

The average (mean) number of hours of attorney time allowed in these 20 reported decisions is 30.8; the median is 31.8.[7] The hours range from a low of 13.05 hours (*Swanberg*) to a high of 41.35 hours (*Abbott*).

In 6 of these 20 reported decisions, compensation was also awarded for time that was spent on the cases by paralegals (or legal assistants) and law clerks. Because

---

[6] The Commissioner was ordered to pay benefits in 9 of these cases (*Redwine*, *Lorsung*, *Easterbrook*, *Kissel*, *Neemann*, *Marek*, *Davis* (No. 4:06CV3291), *Davis* (No. 8:06CV643), and *Smith*). The other 11 cases were reversed and remanded for further proceedings.

[7] In only 9 of the 20 reported decisions do the hours allowed for attorney time fall within the 30-40 hour range referenced by the Commissioner. In 8 decisions, the number of hours allowed for attorney time was less than 30. Slightly more than 40 hours of attorney time was allowed in the other 3 decisions.

the hourly rates for paralegals and law clerks are much lower than for attorneys, their time must be converted into an equivalent number of attorney-hours for purposes of this analysis.[8] When this conversion is accomplished, and the converted hours are added to the number of hours of attorney time, then the average (mean) number of hours allowed in these 20 reported decisions increases to 32.7. The median becomes 33.5 hours, and the maximum is 47.15 hours (*Sahs*).[9]

In addition, there are 21 Westlaw-reported decisions awarding EAJA fees for Social Security disability cases in this district where no reply brief was filed by the plaintiff. See *Evans v. Colvin*, No. 8:12CV335, 2014 WL 823428 (D.Neb. Mar. 3, 2014) (Urbom, J.) ($2,351.52 awarded based on **12.91 hours** of attorney time; no objection by Commissioner); *Woodmancy v. Colvin*, No. 8:12CV90, 2013 WL 4104461 (D.Neb. Aug. 12, 2013) (Urbom, J.) ($5,552.85 awarded based on **24.3 hours** of attorney time and 11.9 hours of legal assistant time; no objection by Commissioner); *Schulte v. Colvin*, No. 4:12CV3026, 2013 WL 3779141 (D.Neb. July 17, 2013) (Bataillon, J.) ($9,034.60 awarded based on **49.2 hours** of attorney time;

---

[8] The 19.8 hours of legal assistant time (at $90 per hour) in *Fickler* is equivalent to 9.7 hours of attorney time. The 34.59 hours of paralegal time (at $25 per hour) in *Thomas* is equivalent to 4.75 hours of attorney time. The 18.5 hours of paralegal time (at $30, $25, and $15 per hour) and 8.78 hours of law clerk time (at $30 per hour) in *Easterbrook* are equivalent to 4.22 hours of attorney time. The 10.55 hours of paralegal time (at $25 per hour) and 40.87 hours of law clerk time (at $30 per hour) in *Sahs* are equivalent to 8.35 hours of attorney time. The 21.40 hours of paralegal and law clerk time (at $25 per hour) in *Campbell* is equivalent to 3.06 hours of attorney time. The 29.61 hours of paralegal time (at $25 per hour) is equivalent to 4.26 hours of attorney time. The 15.75 hours of paralegal time (at $25 per hour) in *Abbott* is equivalent to 2.76 hours of attorney time. Significantly, in 4 of these 6 cases, the attorney was blind and required sighted assistance. This has been held to be a "unique circumstance" which will justify some duplication of time. See *Sahs*, 832 F.Supp.2d at 1069.

[9] There are still only 9 decisions within the 30-40 hour range. Seven decisions involved fee awards below this range.

Commissioner's objections overruled except for reduction of 1.9 hours); *Nunn v. Astrue*, No. 4:11CV3051, 2013 WL 592000 (D.Neb. Feb. 14, 2013) (Smith Camp, J.) ($1,281.98 awarded based on **7.1 hours** of attorney time; no objection by Commissioner); *Tomlinson v. Astrue*, No. 8:11CV96, 2012 WL 5997007 (D.Neb. Nov. 29, 2012) (Bataillon, J.) ($5,981.25 awarded based on **33.0 hours** of attorney time; no objection by Commissioner); *Snider v. Astrue*, No. 7:11CV5003, 2012 WL 5864038 (D.Neb. Nov. 19, 2012) (Bataillon, J.) ($2,503.43 awarded based on **13.8 hours** of attorney time; no objection by Commissioner); *Walton v. Astrue*, No. 8:12CV159, 2012 WL 5186004 (D.Neb. Oct. 18, 2012) (Gerrard, J.) ($5,777.60 awarded based on **31.4 hours** of attorney time; no objection by Commissioner); *Morrison v. Astrue*, No. 4:11CV3135, 2012 WL 1392921 (D.Neb. Apr. 18, 2012) (Smith Camp, J.) ($2,703.20 awarded based on **14.92 hours** of attorney time; no objection by Commissioner); *Messer v. Astrue*, No. 4:10CV3171, 2012 WL 136270 (D.Neb. Jan. 18, 2012) (Urbom, J.) ($6,481.59 awarded based on **31.1 hours** of attorney time, 24.92 hours of paralegal time, and 11.25 hours of law clerk time; Commissioner's objections sustained in part; additional $1,416.38 awarded for 7.8 hours of attorney time spent drafting reply brief for EAJA fee application)[10]; *Smith v. Astrue*, No. 4:08CV3264, 2010 WL 3909338, (D.Neb. Oct. 1, 2010) (Bataillon, J.) ($1,300.00 awarded for **10.4 hours** of attorney time; no objection by Commissioner); *Nichols v. Astrue*, No. 4:09CV3113, 2010 WL 2545798 (D.Neb. June 21, 2010) (Bataillon, J.) ($1,075.00 awarded for **8.6 hours** of attorney time; no objection by Commissioner); *Torres v. Astrue*, No. 8:08CV244, 2009 WL 2487887 (D.Neb. Aug. 12, 2009) (Smith Camp, J.) ($4,262.50 awarded based on **34.1 hours** of attorney time; no objection by Commissioner); *Hull v. Astrue*, No. 4:08CV3119, 2009 WL 2489067 (D.Neb. Aug. 10, 2009) (Bataillon, J.) ($3,704.00 awarded based on **23.15 hours** of

---

[10] Judge Urbom observed in *Messer* that the Commissioner's suggested range of 30 to 40 hours for a fully-briefed case "provide[s] a reasonable, useful guidepost for evaluating fee applications, and requests that exceed this range may invite heightened scrutiny," but declined to "reduce the attorney's fee award based solely on its relationship to awards that were approved in other cases." 2012 WL 136270 at *2.

attorney time; no objection by Commissioner); *Broaden ex rel. Dominic v. Astrue*, No. 8:07CV442, 2009 WL 1652190 (D.Neb. June 10, 2009) (Bataillon, J.) ($4,658.00 awarded based on **27.2 hours** of attorney time; no objection by Commissioner); *Dubsky v. Astrue*, No. 4:08CV3057, 2009 WL 1606058 (D.Neb. June 8, 2009) (Smith Camp, J.) ($7,389.04 awarded based on **26.32 hours** of attorney time, 53.10 hours of law clerk time, and 37.38 hours of paralegal time; Commissioner's objections sustained in part as court reduced all hours claimed by 60% in making the award)[11]; *Lindsay v. Astrue*, No. 4:07CV3265, 2009 WL 982409 (D.Neb. Apr. 13, 2009) (Bataillon, J.) ($5,877.85 awarded based on **34.6 hours** of attorney time; no objection by Commissioner); *Goodwin v. Astrue*, No. 8:07CV199, 2008 WL 2129864 (D.Neb. May 20, 2008) (Kopf, J.) ($5,688.80 awarded based on settlement with Commissioner; plaintiff had requested $6,688.80 based on 40.2 hours of attorney time; stipulated fee equivalent to **34.2 hours** of attorney time); *McGinnis v. Astrue*, No. 8:07CV276, 2008 WL 1782359 (D.Neb. Apr. 16, 2008) (Kopf, J.) ($2,465.25 awarded based on **15.0 hours** of attorney time; no objection by Commissioner); *Potter v. Astrue*, No. 8:06CV648, 2007 WL 4570335 (D.Neb. Dec. 20, 2007) (Smith Camp, J.) ($4,355.00 awarded based on **26.0 hours** of attorney time; no objection by Commissioner); *Lacy v. Massanari*, No. 4:01CV3000, 2002 WL 269382 (D.Neb. Feb. 26, 2002) (Urbom, J.) ($3,350.00 awarded based on **25.60 hours** of attorney time and 10.0 hours of paralegal time); *Sorich v. Shalala*, No. CV89-0-215, 838 F.Supp. 1354 (D.Neb. Oct. 26, 1993) (Kopf, J.) ($4,702.59 awarded based on **41.25 hours** of attorney time; additional $5,272.50 awarded based on 46.25 hours of attorney time for proceedings in district court after disability claim again denied on remand).[12]

---

[11] Judge Smith Camp concluded in *Dubsky* that "an award between the amount requested by the Plaintiff [$18,472.61] and the amount suggested by the Defendant [$6,500.00] is reasonable, given the atypical circumstances in this case." 2009 WL 1606058 at *2.

[12] The Commissioner was ordered to pay benefits in 6 of these cases (*Schulte*, *Snider*, *Smith*, *Nichols*, *Broaden*, and *Lindsay*). The other 15 cases were reversed and remanded for further proceedings.

The average (mean) number of hours of attorney time in these 21 reported decisions is 25.0; the median is 26.0.[13] The hours range from a low of 7.1 hours (*Nunn*) to a high of 49.2 hours (*Sorich*).

In 4 of these 21 reported decisions, compensation was also awarded for time that was spent on the cases by paralegals (or legal assistants) and law clerks. When their time is converted to attorney-hours and taken into account,[14] the average (mean) number of hours becomes 26.3. The median increases to 27.2 hours. The maximum remains the same at 49.2 hours (*Sorich*).

While the foregoing survey of 41 reported decisions is by no means scientific,[15] it does demonstrate that the fee application in this case is atypical. In fact, none of the reported decisions authorized a fee of the magnitude (either in terms of dollars or attorney-hours) which is claimed here.

---

[13] Comparing the mean/median figures for "fully briefed" cases, it appears that a reply brief will add about 6 hours of attorney time, on average.

[14] The 11.9 hours of legal assistant time (at $90 per hour) in *Woodmancy* is equivalent to 5.81 hours of attorney time. The 24.92 hours of paralegal time (at $25 and $15 per hour) and 11.25 hours of law clerk time (at $20 per hour) in *Messer* are equivalent to 4.6 hours of attorney time. The 53.10 hours of law clerk time (at $35 and $20 per hour) and 37.38 hours of paralegal time (at $25 per hour) in *Dubsky* are equivalent to 15.93 attorney hours. The 10.0 hours of paralegal time (at $15 per hour) in *Lacy* is equivalent to 1.2 hours of attorney time. In 3 of these 4 cases, the attorney was blind and required sighted assistance. As noted previously, this is considered a "unique circumstance" which may justify some duplication of time. *See Dubsky*, 2009 WL 1606058 at * 1.

[15] For one thing, there are many more decisions awarding EAJA fees in this district for Social Security disability cases than have been reported in Westlaw. As an example, even though only 6 of the 41 Westlaw-reported decisions were issued by me, I have reversed the Commissioner and awarded EAJA fees at least 48 times since mid-2003, which is the earliest date for which electronic filings are accessible. In general, however, I find no inconsistency between the fees awards in my 48 cases and the awards which were made in the 41 reported decisions.

In determining whether a fee request is reasonable, "[t]he court should consider not merely whether the attorney's work was valuable to the client, but whether the issues were novel or complex, whether the record is voluminous or the facts are unusually complex, whether the attorney's specialized skill or knowledge was required, and what the usual number of hours for similar cases are in the area." *Sahs, 832 F.Supp.2d at 1068* (quoting *Johnson v. Barnhart*, No. 03-0054-CV-W-REL-SSA, 2004 WL 213183, at *1 (W.D.Mo. Jan. 13, 2004)* (citing *Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir.1994)*). The degree of success is also a consideration. *See Thomas, 2012 WL 3263629 at *1*. "[W]here the plaintiff achieve [s] only limited success, the district court should award only the amount of fees that is reasonable in relation to the result obtained." *Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983)*. In reducing a requested fee, the court is not required to consider every task reported, but instead may reduce the fee by a percentage. *See Dubsky, 2009 WL 1606058 at * 2*.

The reversal in this case resulted because the administrative law judge made no mention of a treating physician's diagnosis of cervical stenosis with myelopathy, discounted the opinions of examining consultants without providing an adequate explanation, and failed to fully and fairly develop the record, instead relying on the opinions of non-examining consultants. The issues involved in the case were not novel or complex, and the administrative transcript was not exceptional. However, because counsel did not represent Plaintiff at the administrative level, it is to be expected that she would need to spend time reviewing the transcript. *See Sahs, 832 F.Supp.2d at 1069* (recognizing that counsel was required to familiarize himself with the record below). Plaintiff's counsel does not purport to have any special expertise regarding Plaintiff's claimed disability, and she appears to have spent a considerable amount of time reviewing medical literature in order to gain an understanding of the case. Counsel admits "she did not use everything found," and several theories regarding Plaintiff's physical and mental condition were rejected after the research did not support the arguments she considered making (filing 29 at 2-4). Much of the opening brief was devoted to an argument that the ALJ failed to make a proper credibility assessment, which proved unsuccessful (except to the extent that the

credibility assessment did not take into account the treating physician's diagnosis). The case was remanded for further proceedings rather than for an award of benefits.

All in all, I find no reason to award a larger-than-average attorney's fee. The Commissioner suggests that "an award of attorney's fees in the amount of $6,234.20, which equals 35 attorney hours at a rate of $178.12 per hour, would be appropriate in this matter" and "does not object to Plaintiff's request for expenses in the amount of $35.45" (filing 28 at 8). Even though a smaller fee might be reasonable under the circumstances, I will accept the Commissioner's suggestion.

Accordingly,

IT IS ORDERED that:

1. The motion filed by Plaintiff's counsel for an award of fees and expenses pursuant to the Equal Access to Justice Act (filing 26) is granted in part and denied in part, as follows:

      a. Plaintiff is awarded attorney's fees in the amount of $6,234.20 and expenses in the amount of $35.45, subject to offset to satisfy any pre-existing debt owed by Plaintiff to the United States; and

      b. In all other respects, the motion is denied.

2. Judgment shall be entered by separate document.

April 9, 2014.	BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

-11-